*Winslow, for appellant.*
*Landrum, Scott, for appellee.*

---

C. S. RANKIN & CO. *v.* J. Q. CHENERWORTH.

**Account, Action on—Receipts and Notes—Prima Facie Evidence—Burden of Proof—Instructions.**

The receipts and notes exhibited by appellee were prima facie evidence of a full settlement of accounts between the the parties, up to the date of those papers, and the burden of proof was on ap-

pellant to rebut the legal presumption arising from the execution and acceptance of those papers, but it was error to say to the jury, that unless they were satisfied that said papers were not executed in full discharge of the accounts, the law was for appellant.

### Limitation—Merchant's Accounts—Instructions.

The jury may have believed that appellants were merchants, and also that they were manufacturers and sold the window caps as manufacturers and not as merchants. The instruction should have been made complete by saying to them that if they believe these facts from the evidence, the plea of the statute of limitation was unavailing.

### APPEAL FROM FAYETTE CIRCUIT COURT.

January 8, 1872.

OPINION BY JUDGE LINDSAY:

The instructions asked for by appellant and refused by the court were not only unnecessarily elaborate but complicated to such an extent as to be misleading. They were therefore properly refused. The first instruction given on the motion of appellee's is erroneous. The receipt and note exhibited by appellees were prima facie evidence of a full settlement of accounts between the parties up to the date of those papers, and the burden of proof was on appellant to rebut the legal presumption, arising from the execution and acceptance of those papers, but it was error to say to the jury that unless they were satisfied, said papers were not executed in full discharge of the account, or believed from the evidence that when the receipt was executed the parties were ignorant that the item for window caps had been omitted from the account, they should find for appellee. These papers certainly were executed in full discharge of the account, but if they were so executed through mistake, and the jury believed from the evidence that such was the case, then the law was for the appellants.

Nor was it necessary that both parties should have been ignorant of the omission of the item for window caps, at the time of the settlement. If appellants acted through mistake, that was sufficient to authorize a recovery, although appellee may have been apprised of the omission at the time.

Instruction No. 2 is also erroneous. By it the jury are told

that if appellants were merchants and sold the goods sued for as merchants the plea of limitation must be held as a bar to a recovery. So far it is proper, but the court continues, "If they believe from the evidence that the plaintiffs were not merchants at the time of the execution of the debt, then the plea of the statute was unavailing to prevent a recovery. Now the jury may have believed that appellants were merchants, and also that they were manufacturers and sold the window caps as manufacturers and not as merchants," and the instruction should have been made complete, by saying to them that if they believed these facts from the evidence the plea was also unavailing.

The third instruction is liable to the same objection. Appellants may have been merchants, and the window caps may have been furnished upon a written order, and still they may have been so furnished by appellants as manufacturers, and not as merchants; for these reasons these instructions were misleading.

Judgment reversed and the cause remanded for a new trial upon principles consistent with this opinion.

*Gibbons & Falconer, for appellants.*